09-1896-ag
He v. Holder

BIA
LaForest, IJ
A094 788 802

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand ten.

PRESENT:
         JOSÉ A. CABRANES,
         ROBERT D. SACK,
         BARRINGTON D. PARKER,
                 *Circuit Judges*.

_____

SHUN HE, A/K/A HE SHUN OU YANG,
         *Petitioner*,

         v.                       09-1896-ag
                                   NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
         *Respondent*.

_____

FOR PETITIONER:       Michael Brown, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shun He, a native and citizen of the People's Republic of China, seeks review of an April 8, 2009 order of the BIA affirming the February 25, 2008 decision of Immigration Judge ("IJ") Brigitte LaForest denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shun He*, A094 788 802 (B.I.A. Apr. 8, 2009), *aff'g* No. A094 788 802 (Immig. Ct. N.Y. City Feb. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). In making her adverse credibility determination, the IJ found that: (1) while He testified

2

that officials twice came to his home following his departure from China demanding that his parents turn him over to authorities, his father made no such assertion in a letter he submitted; (2) He's testimony that he rarely discussed Falun Gong with others was contradicted by his father's letter; (3) He's testimony that he was captured by officials when he tripped and fell was contradicted by his father's letter. Because He does not challenge the IJ's reliance on the omission regarding the officials' visit to his parents, it stands as a valid basis for the IJ's adverse credibility determination. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3. Although He argues that he explained the remaining discrepancies, a reasonable factfinder would not have been compelled to credit his explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In finding He not credible, the IJ additionally found that: (1) in light of the very similar language used by both his father and his friend in their letters, it was implausible that they were written by separate individuals; and (2) it was implausible that He would fear the Chinese government, but nonetheless sign a statement requesting that DHS notify the Chinese consulate he was in custody. Contrary to He's argument, when an alien submits two

3

"strikingly similar" documents allegedly provided by different persons, an IJ may "treat those similarities as evidence supporting an adverse credibility finding." *Mei Chai Ye v. United States Dep't of Justice*, 489 F.3d 517, 519 (2d Cir. 2007). Moreover, despite He's argument that the IJ erred in finding him not credible by relying on his request that DHS notify Chinese authorities regarding his detention, we are not compelled to reach a different conclusion. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67-68 (2d Cir. 2007).

Because He was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Additionally, He fails to sufficiently challenge the agency's denial of CAT relief in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4